UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>    Plaintiff,<br><br>    v.<br><br>AGUILARA, et al.,<br><br>    Defendant. | 1:15-cv-01202-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 5)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

    Plaintiff has filed this civil rights action pursuant to 42 U.S.C. § 1983 and a motion to proceed in forma pauperis. On September 21, 2015, Plaintiff was directed to submit a notice of clarification on or before October 12, 2015, regarding his custody status at the time that he filed suit. October 21, 2015 has now passed, and Plaintiff has not responded to the Court's order.

    Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v.

1  Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based
2  on a party's failure to prosecute, failure to obey a court order, or failure to comply with
3  local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for
4  noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
5  1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
6  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply
7  with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v.
8  U.S. Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply
9  with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424-25 (9th Cir. 1986)
10 (dismissal for lack of prosecution and failure to comply with local rules).

11    In determining whether to dismiss an action for lack of prosecution, failure to obey
12 a court order, or failure to comply with local rules, the Court must consider several
13 factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
14 to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy
15 favoring disposition of cases on their merits, and (5) the availability of less drastic
16 alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423.

17    In the instant case, the public's interest in expeditiously resolving this litigation
18 and the Court's interest in managing its docket weigh in favor of dismissal. The third
19 factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
20 presumption of injury arises from the occurrence of unreasonable delay in prosecuting
21 this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor –
22 public policy favoring disposition of cases on their merits – is greatly outweighed by the
23 factors in favor of dismissal discussed herein. Finally, as for the availability of lesser
24 sanctions, at this stage in the proceedings there is little available which would constitute
25 a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not
26 paid the filing fees in this action and likely is unable to pay, making monetary sanctions
27 of little use.

28    Based on the foregoing, it is HEREBY RECOMMENDED that the action be

dismissed, without prejudice, for failure to obey a court order and failure to prosecute.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   October 23, 2015         /s/ *Michael J. Seng*
                                  UNITED STATES MAGISTRATE JUDGE