UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>Plaintiff,<br><br>v.<br><br>AGUILARA, et al.,<br><br>Defendants. | CASE NO. 1:15-cv-01202-LJO-MJS (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a County detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

///

///

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at the Lerdo Maximum-Medium Facility, but complains of acts that occurred during his detention at a separate Lerdo detention facility. He names as defendants: (1) Aguilara, R.N., (2) Porter, Medical Escort, and (3) the Kern County Sheriff.

Plaintiff's allegations may be summarized essentially as follows:

On June 21, 2015, Plaintiff was called to sick call and seen by Aguilara. Aguilara was argumentative and unprofessional. Plaintiff complained of not having been seen sooner. Aguilara informed Plaintiff that he had refused sick call on June 16, 2015. Plaintiff looked at the refusal and found that the signature on it was not his.

Plaintiff states that he was denied appropriate health care and is in pain. He wishes to be treated for his "injury" and he wants those involved in the failure to treat him to be trained, reprimanded, or relieved of their duties.

### IV. ANALYSIS

#### A. Plaintiff's Custodial Status

Plaintiff's custodial status at the time of the incidents at issue in this case is unclear. If Plaintiff chooses to amend, he should specify whether he was being held pre-trial, or whether he already was convicted of a crime, at the time he allegedly sought and was denied medical care. This will allow the Court to determine the legal standards applicable to Plaintiff's claims.

#### B. Linkage

Under § 1983, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, as each defendant is only liable for his or her own misconduct.

Iqbal, 556 U.S. at 676-77; Ewing, 588 F.3d at 1235. Supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff states no facts regarding Defendant Porter and the Kern County Sheriff and therefore does not explain how these defendants personally participated in the deprivation of his rights. The Court will provide Plaintiff an opportunity to amend his complaint. If he chooses to do so, he must link each named defendant to his claims.

### C.    Inadequate Medical Care

Because a pretrial detainee has not been convicted of a crime, but only been arrested, his right to receive adequate medical care derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002). Nonetheless, the Due Process Clause imposes, at a minimum, the same duty imposed by the Eighth Amendment: "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Id. at 1187 (citation, internal quotation marks, and brackets omitted). Accordingly, courts evaluating a pretrial detainee's medical care claim routinely rely on decisions applying Eighth Amendment standards for claims of inadequate medical care to convicted prisoners. See, e.g., id.

An Eighth Amendment claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

Plaintiff's bare allegations of pain and injury are insufficient to state a serious medical need. In order to state a claim, Plaintiff must provide additional detail regarding his medical needs and/or medical condition.

Plaintiff also fails to explain how Defendant Aguilara was indifferent to Plaintiff's needs. Plaintiff states that she was argumentative and unprofessional, but does not state that she failed to treat him or how or why her treatment was medically unacceptable. He does not allege facts to suggest that Aguilara was responsible for Plaintiff not having been treated sooner. Without further detail regarding how his treatment was deficient, the Court cannot find that Plaintiff states a cognizable claim.

## V.    CONCLUSION AND ORDER

Plaintiff's complaint does not state a claim. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate

that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;
2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed August 3, 2015;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   April 1, 2016              /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE