UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>    Plaintiff,<br><br>    v.<br><br>AGUILARA, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-01202-LJO-MJS (PC)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF NO. 15)**<br><br>**SECOND AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS** |

Plaintiff is a County detainee proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 14.) His first amended complaint is before the Court for screening.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

///

2

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is detained at the Lerdo Maximum-Medium Facility, but complains of acts that occurred during his detention at the Lerdo PreTrial Facility. He names as defendants: (1) Aguilara, R.N., and (2) L. Porter, Medical Escort at the Kern County Sheriff's Office.

Plaintiff's allegations are virtually unchanged from those contained in his initial complaint. They may be summarized essentially as follows:

Plaintiff has a plate in his back from reconstructive surgery and he experiences chronic pain. On June 21, 2015, Plaintiff was called to sick call and seen by Aguilara. Aguilara was argumentative and unprofessional. She denied Plaintiff adequate medical care, referral to a doctor, and prescription medication. Plaintiff complained that he was not seen sooner. Aguilara informed Plaintiff that he had refused sick call on June 16, 2015. Plaintiff looked at the refusal but the signature was not Plaintiff's. Plaintiff believes the refusal was signed by Porter.

Plaintiff seeks treatment and for Defendants to be investigated and held liable.

## IV. ANALYSIS

### A. Plaintiff's Custodial Status

Plaintiff's custodial status at the time of the incidents at issue in this case is unclear. In the Court's prior screening order, Plaintiff was directed to specify whether he was being held pre-trial or whether he already was convicted of a crime at the time he allegedly sought and was denied medical care. Plaintiff has failed to do so. Nevertheless, based on Plaintiff's detention at the Pre-Trial Facility, the Court will assume Plaintiff was a pre-trial detainee at the time of the incidents at issue.

### B. Inadequate Medical Care

Because a pretrial detainee has not been convicted of a crime, but only been arrested, his right to receive adequate medical care derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's

3

protection against cruel and unusual punishment. Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002). Nonetheless, the Due Process Clause imposes, at a minimum, the same duty imposed by the Eighth Amendment: "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Id. at 1187 (citation, internal quotation marks, and brackets omitted). Accordingly, courts evaluating a pretrial detainee's medical care claim routinely rely on decisions applying Eighth Amendment standards for claims of inadequate medical care to convicted prisoners. See, e.g., id.

An Eighth Amendment claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff's allegations that he has a plate in his back and suffers from chronic pain are sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth

Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

There may be some question whether, after the decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), a pre-trial detainee alleging a Fourteenth Amendment claim for inadequate medical care must specifically allege deliberate indifference. See Hatter v. Dyer, No. 2:14-cv-616-AG (GJS), 2015 WL 9613769 (C.D. Cal. Dec. 31, 2015) (discussing Kingsley and concluding that pre-trial detainees alleging conditions of confinement claim still must allege deliberate indifference). Kingsley addressed a Fourteenth Amendment excessive force claim, and held that such a claim requires a showing that the force used was "objectively unreasonable," rather than a showing of the officer's subjective state of mind. Courts thus far have declined to extend Kingsley beyond the excessive force context. See, e.g., Hatter, 2015 WL 9613769 (declining to extent to conditions of confinement claims); Castro v. Cnty. of Los Angeles, 797 F.3d 654 (9th Cir. 2015) (declining to extent to failure to protect claims), rehearing en banc granted at 809 F.3d 536 (9th Cir. Dec. 31, 2015). Nevertheless, the effect of Kingsley in this context remains an open question. The Court need not resolve the applicable standard at this juncture because Plaintiff's allegations fail under either standard.

Plaintiff fails to allege facts to show that Aguilara was deliberately indifferent, or that her conduct was objectively unreasonable. Plaintiff first states that Aguilara was argumentative and unprofessional. Such allegations are insufficient to state a claim under the Fourteenth Amendment because they do not relate to a denial of or interference with Plaintiff's medical care. Plaintiff next states that Aguilara's treatment was inadequate, that she refused to refer Plaintiff to a doctor, and that she refused to prescribe medication. However, Plaintiff provides insufficient detail for the Court to

determine the adequacy of such claims. Plaintiff does not explain what information was provided to Aguilara regarding Plaintiff's condition, whether any treatment was provided, or any reasons given for declining Plaintiff's requests. Absent further information, Plaintiff has failed to allege sufficient facts to "nudge[ his] claims across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

Plaintiff's only allegation against Defendant Porter is that she may have signed a refusal that prevented Plaintiff from being seen at sick call five days sooner. However, Plaintiff does not allege any harm associated with this minimal delay, and thus this allegation fails to state a claim. In any event, Plaintiff fails to allege a factual basis to support his belief that Porter signed the refusal, or any facts to suggest that the refusal resulted from anything other than mistake or ordinary negligence. Accordingly, Plaintiff fails to state a claim against Defendant Porter.

Plaintiff will be given one final opportunity to amend his complaint if he believes in good faith he can cure the noted deficiencies. If Plaintiff chooses to amend, he must allege facts to meet the legal standard noted above.

## V. CONCLUSION AND ORDER

Plaintiff's first amended complaint does not state a cognizable claim for relief.

The Court will provide Plaintiff with **one final** opportunity to file an amended complaint that cures the noted deficiencies. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 556 U.S. at 677-78. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims in her amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, Lacey v.

Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's first amended complaint (ECF No. 15) is DISMISSED for failure to state a claim upon which relief may be granted,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his first amended complaint filed April 14, 2016,

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, this action will be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim, and will be subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   April 25, 2016                    /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE