UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICO J. QUIROGA,<br><br>    Plaintiff,<br><br>v.<br><br>AGUILARA, et al.,<br><br>    Defendants. | CASE NO. 1:15-cv-01202-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM**<br><br>**(ECF NO. 18)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint and first amended complaint were dismissed for failure to state a claim, but he was given leave to amend. (ECF Nos. 14, 17.) His second amended complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

///

### III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Wasco State Prison but complains of acts that occurred during his pre-trial detention at the Lerdo PreTrial Facility. He names as defendants: (1) Nurse Aguilara, "R.N., L.V.N. or N.A."; and (2) L. Porter of the Kern County Sheriff's Office.

Plaintiff's allegations may be summarized essentially as follows:

Plaintiff has chronic pain from pins and a plate attached to his left radius. Defendant Aguilara failed to treat Plaintiff and refused to review his medical file. She sent him back to his unit without Tylenol or pain management.

Plaintiff also complains, in effect, that his treatment was purposely delayed. According to Plaintiff, Defendant Porter recorded that Plaintiff had refused sick call when, in fact, he had not. This alleged refusal delayed Plaintiff's treatment by thirty days.

Plaintiff alleges this conduct violated his due process right to adequate medical care. He wishes to receive "proper medical treatment, proper chronic pain medication, surgery to remove 9 pins 6 ½ inch plate, demand to be met, surgery paid for."

### IV. ANALYSIS

#### A. Inadequate Medical Care

Because a pretrial detainee has not been convicted of a crime, but only been arrested, his right to receive adequate medical care derives from the Due Process Clause of the Fourteenth Amendment rather than from the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. Cnty. of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002). Nonetheless, the Due Process Clause imposes, at a minimum, the same duty imposed by the Eighth Amendment: "persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs." Id. at 1187 (citation, internal quotation marks, and brackets omitted). Accordingly, courts evaluating a pretrial detainee's medical care claim routinely rely on

3

decisions applying Eighth Amendment standards for claims of inadequate medical care to convicted prisoners. See, e.g., id.

An Eighth Amendment claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff's allegations that he has a plate in his back and suffers from chronic pain are sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.").

The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)).

There may be some question whether, after the decision in Kingsley v. Hendrickson, 135 S. Ct. 2466 (2015), a pre-trial detainee alleging a Fourteenth

4

Amendment claim for inadequate medical care must specifically allege deliberate indifference. See Hatter v. Dyer, No. 2:14-cv-616-AG (GJS), 2015 WL 9613769 (C.D. Cal. Dec. 31, 2015) (discussing Kingsley and concluding that pre-trial detainees alleging conditions of confinement claims still must allege deliberate indifference). Kingsley addressed a Fourteenth Amendment excessive force claim, and held that such a claim requires a showing that the force used was "objectively unreasonable," rather than a showing of the officer's subjective state of mind. Courts thus far have declined to extend Kingsley beyond the excessive force context. See, e.g., Hatter, 2015 WL 9613769 (declining to extent to conditions of confinement claims); Castro v. Cnty. of Los Angeles, 797 F.3d 654 (9th Cir. 2015) (declining to extent to failure to protect claims), rehearing en banc granted at 809 F.3d 536 (9th Cir. Dec. 31, 2015). Nevertheless, the effect of Kingsley in this context remains an open question. However, the Court need not resolve the applicable standard at this juncture because Plaintiff's allegations fail under either standard.

Plaintiff fails to allege facts to show that Aguilara was deliberately indifferent or that her conduct was objectively unreasonable. Plaintiff states only that Aguilara failed to treat him or review his medical file. Although previously instructed to do so, Plaintiff provides no detail regarding his encounter with Aguilara that would allow the Court to conclude that she was aware that Plaintiff had a serious medical need requiring treatment. Plaintiff does not explain what information was provided to Aguilara about his condition or any reasons given for declining Plaintiff's requests. Absent further information, Plaintiff has failed to allege sufficient facts to "nudge[ his] claims across the line from conceivable to plausible." See Twombly, 550 U.S. at 570.

Plaintiff's only allegation against Defendant Porter is that she may have delayed Plaintiff being seen at sick call for thirty days. However, Plaintiff does not allege any harm resulting from this delay. Without harm, the allegation fails to state a claim. In any event, Plaintiff fails to allege a factual basis to support his belief that Porter was

responsible for the report of him denying treatment, or any facts to suggest that the delay resulted from anything other than mistake or ordinary negligence. Accordingly, Plaintiff fails to state a claim against Defendant Porter.

Plaintiff has been advised of the legal standards applicable to his claims and the deficiencies in his pleadings. He has been given multiple opportunities to amend and has failed to cure noted defects. Further leave to amend reasonably appears futile and should be denied.

### B.    Injunctive Relief

In this action, Plaintiff seeks only injunctive relief in the form of his desired medical care. However, Plaintiff is no longer in the custody of Kern County. Absent facts to suggest that Plaintiff will be transferred back to the County's custody and the care of Defendants, his request for injunctive relief is moot. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

### V.    CONCLUSION AND RECOMMENDATION

Plaintiff's second amended complaint does not state a cognizable claim for relief. He previously was advised of pleading deficiencies and afforded the opportunity to correct them. He failed to do so. Any further leave to amend reasonably appears futile and should be denied.

The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with the findings and recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond

to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: July 16, 2016     /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE